## AKTIEBOLAGET STILLE-WERNER v. STILLE-SCANLAN, Inc.

District Court, S. D. New York.

June 20, 1940.

396

Cravath, de Gersdorff, Swaine & Wood, of New York City (John F. Harding, of New York City, of counsel), for plaintiff.

Satterlee & Canfield, of New York City (John Vaughan Groner, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This is a motion by plaintiff for a more definite statement of an amended answer and counterclaim filed by defendant. In addition, plaintiff requests that defendant be required to set forth in separately stated and numbered paragraphs the affirmative allegations contained in specified paragraphs of the answer.

■ I think that the motion must be granted so far as it requests that defendant be required to set forth with particularity the averments of the pleading which defendant deems to be incorporated by reference into paragraph 16. This paragraph is denominated a counterclaim and under Rule 7(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiff must reply to it. In its opening statement it sets forth: "For a counterclaim herein defendant repeats and realleges all of the allegations contained in this amended answer and counterclaim and further alleges."

A logical answer is impracticable to a counterclaim pleaded in this manner. Many of the allegations which are thus incorporated by reference are scattered through paragraphs which in part deny allegations of the complaint. In addition, some of the paragraphs incorporated by references themselves contain incorporations of preceding paragraphs of the answer. It would seem to be an almost impossible task to prepare an understandable answer to such a pleading. I shall, therefore, require defendant to state the particular allegations which he deems to be incorporated into the counterclaim and to the extent that these allegations are paragraphs which themselves incorporate other parts of the answer, he should also designate what is purported to be incorporated into these paragraphs. In order to meet these requirements, defendant may serve a further amended answer and counterclaim within ten days of the date of the order to be entered upon this motion.

■ I think that this disposition of the motion will cure the defects existing in the answer. Apart from the counterclaim, plaintiff has no duty to file a further reply to the defenses (Rule 7(a) of the Federal Rules of Civil Procedure) and the defects existing in the counterclaim are the only ones which might prejudice plaintiff. Except as indicated, therefore, the motion is otherwise denied.